**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ADAM LEONARD                                                                                          PLAINTIFF

V.                                               4:12CV00471 KGB/HDY

SUSAN WEBBER WRIGHT *et al.*                                                              DEFENDANTS

**ORDER**

On July 30, 2012, Plaintiff Adam Leonard, who is currently held at the Pulaski County Detention Facility, filed a *pro se*[1] complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, which included a request for leave to proceed *in forma pauperis* ("IFP"). Plaintiff's IFP request is incomplete, in that his declaration includes no information about his employment and income history, and Plaintiff included no information regarding his financial account at the Pulaski County Detention Facility. Additionally, Plaintiff's complaint is too vague to determine if he states a claim for relief against each of the numerous Defendants. Accordingly, if Plaintiff wishes to pursue this action, he must submit, no later than 30 days after the entry of this order, either the full $350.00 filing fee, or a properly completed and signed application for leave to proceed IFP, and a calculation sheet and certificate signed by an authorized official, along with an amended complaint setting forth

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

the information specified in Section III of this order.  Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

## I. *In forma pauperis* issues

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action IFP still must pay the full statutory filing fee of $350.00. 28 U.S.C. §1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiff is required to submit, no later than 30 days after this order's entry date, either the full statutory filing fee, or a completed and signed application for leave to proceed IFP, along with a calculation sheet and certificate, prepared and executed by an authorized official at the incarcerating facility.  Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full.  *Id*. 1915(b)(1) and (2).  However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial

filing fee." *Id*. 1915(b)(4).

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Plaintiff's Claims

Plaintiff's complaint makes vague allegations against judges of this Court and the Pulaski County District Court, the Pulaski County Prosecuting Attorney, Pulaski County Detention Facility officials, and unnamed Does.  Plaintiff alleges that he has been subjected to threats, unconstitutional conditions of confinement at the detention facility, and various other constitutional violations.  The

allegations are broad, and do not include specific factual allegations against the numerous Defendants. Accordingly, Plaintiff must submit, no later than 30 days after the entry date of this order, an amended complaint, which contains a short summary of the claims he is making against each of the Defendants. Plaintiff's complaint should include specific factual allegations as to the actions or omissions of each Defendant which Plaintiff believes violated his constitutional rights, and a statement describing the injuries he sustained as a result. The allegations should relate only to Plaintiff's personal claims, and not those of other individuals. Where appropriate, Plaintiff should include dates of the events. Plaintiff's failure to file the amended complaint as order will result in the recommended dismissal of his complaint.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's request for leave to proceed IFP (docket entry #1) is DENIED.

2. The Clerk is directed to forward an IFP application, calculation sheet, and certificate, to Plaintiff.

3. Plaintiff must submit, no later than 30 days after the entry date of this order, either the $350.00 statutory filing fee, or a fully completed and signed IFP application, along with a completed calculation sheet and certificate signed by an authorized official at the incarcerating facility. Plaintiff's failure to pay the filing fee, or to file a complete and signed application for leave to proceed IFP, will result in the recommended dismissal of his complaint.

4. No later than 30 days after the entry of this order, Plaintiff must file an amended complaint setting forth the information specified in Section III of this order. Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

5.      Service is not appropriate at this time.

DATED this __2__ day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE